**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Eric Michael LaMarche, Sr.

    v.                                              Civil No. 04-cv-69-SM

Paul Bell, et al.[1]

**O R D E R**

    Plaintiff Eric Michael LaMarche, Sr., filed his complaint in this action pro se and in forma pauperis. Now represented by counsel, he moves to amend the complaint. The Defendants, New Hampshire State Prison corrections officials, filed an objection.

    After preliminarily reviewing the pro se complaint, this Court issued a report and recommendation ("R&R") finding that Plaintiff sufficiently alleged Eighth Amendment claims against Defendants Bell, Dugre, Fedele, Hopwood and Karavas in their individual capacities premised on their alleged failure to protect him from harm from another inmate and their excessive use of force. Document No. 19.

    In response to the R&R, Plaintiff filed a motion to "Amend Court Report," which was entered on the court's docket as an

---

[1]The State of New Hampshire was terminated as a defendant in this action on April 13, 2005.

objection to the R&R.  See Document No. 23.  Plaintiff sought to correct factual errors in the R&R and did not raise any new claims or identify new parties.  Id.  The R&R was approved by the court (Barbadoro, J.) on September 30, 2004.  Document No. 24.

On November 16, 2004, the Defendants filed a motion for summary judgment arguing that judgment should be entered in their favor because the Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Document No. 30.  Judge Barbadoro denied the motion without prejudice ruling that:

> A factual dispute exists in this case as to whether plaintiff's mental condition is sufficiently severe to support his equitable tolling argument.  Counsel must be appointed before this issue can be resolved.  The motion is denied without prejudice.  Defendant may renew its motion no earlier than 30 days after counsel has filed an appearance.

Document No. 41.

Michael J. Sheehan, Esquire, filed an appearance on Plaintiff's behalf on March 3, 2005.  Document No. 44.  On April 12, 2005, the Defendants renewed their motion for summary judgment.  Document No. 47.  Thereafter, the parties filed a Joint Discovery Plan on April 15, 2005 in which the parties agreed that Plaintiff's deadline to move to amend his pleading

was May 15, 2005.  Document No. 48.  The Joint Discovery Plan was approved and adopted as a pretrial scheduling order by the court (McAuliffe, C.J.) on April 18, 2005.  Id.

Plaintiff filed the instant motion to amend the complaint on May 13, 2005.  Document No. 49.  Plaintiff argues that although this Court was able to decipher his constitutional claims arising from events that occurred on October 14, 2003, his initial pro se pleading consists of a series of handwritten and typed documents discussing many unrelated events including the events of May 29, 2002 involving Corrections Officer Mark Jordan, whom Plaintiff now seeks to add as a defendant.  Plaintiff asserts that his significant mental health issues rendered him unable to "separate the wheat of a couple significant constitutional claims from the chaff of his various difficulties at the prison."  Mot. to Amend at 2.[2]  Plaintiff's counsel identified the potential claim against Jordan after reviewing the documents that comprise the complaint and speaking with the Plaintiff at length.

---

[2]The issue of whether plaintiff's mental condition is sufficiently severe to support his argument for equitable tolling of the Prison Litigation Reform Act's exhaustion requirement remained unresolved when Defendants renewed their motion for summary judgment.  Plaintiff asserts that his mental health issues will be addressed in his objection to the motion for summary judgment.

Under Fed. R. Civ. P. 15(a), a plaintiff may move to amend the complaint once as a matter of course before the defendant files a responsive pleading.  After a responsive pleading has been filed, however, the plaintiff must obtain either the adverse party's consent or leave of court to amend the complaint.  Rule 15(a) provides, as a default rule, that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend need not be granted where the amendment "would be futile, or reward, inter alia, undue or intended delay."  Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

In deciding whether to exercise its discretion to grant leave to amend, the court must consider the timing and context in which the motion to amend is filed.  Id. at 11-12.  Cut-off dates for the filing of amendments are typically included in the court's scheduling order.  Id. at 12.  When a scheduling order has been entered, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)."  Id. (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d at 152, 154-155 (1st Cir. 2004)).  And where a motion for summary judgment has been timely filed, "a plaintiff is required to show 'substantial and convincing evidence' to justify a belated

attempt to amend a complaint." Id. (citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).  A motion to amend is most susceptible to denial where the timing of the motion "prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . .'"  Id. (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).

In this case, Plaintiff argues that he should be granted leave to amend the complaint because significant mental health issues rendered him unable to properly identify his claims when he was proceeding in this matter pro se.  Plaintiff argues that this case is still in its early stages since no discovery has been conducted and the trial date is still one year away. Plaintiff further argues that the Defendants will suffer no prejudice if the motion to amend is granted.

In their objection, Defendants argue that Plaintiff's motion should be denied because Plaintiff seeks to add a claim that should have been raised in Plaintiff's objection to this Court's R&R.  Therefore, Defendants argue, Plaintiff's claim against Jordan should be deemed waived.  This argument cannot carry the

day here.  The Plaintiff was proceeding pro se at the time this Court's R&R was approved, and Judge Barbadoro subsequently found that a fact issue exists pertaining to the severity of Plaintiff's mental condition that warrants the appointment of counsel for Plaintiff.  Defendants do not contend that the proposed amendment, submitted after the appointment of counsel, is futile.  Application of the waiver rule under these circumstances would be contrary to the interests of justice.

Defendants argue alternatively that the filing of their motion for summary judgment requires the Court to consider Plaintiff's motion under the substantial evidence standard discussed in Steir, supra, and in Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 109 (1st Cir. 2002).  The Court finds that the use of that standard would be inappropriate in the context of this case.  Unlike the motions contemplated by the First Circuit rule, Plaintiff's motion is timely because it was filed before the cut-off date for amendments set in the court's pretrial scheduling order.  Therefore, the liberal default rule for amendments under Fed. R. Civ. P. 15(a) has not been displaced.  See Steir, 383 F.3d at 12.  Moreover, granting the motion to amend would not delay this case by necessitating a re-opening of

the discovery deadline, require a postponement of the trial date, or cause a major alteration in the Defendants' trial tactics or strategy.  The Court finds that granting the motion to amend would not cause the Defendants to suffer any prejudice.

The Defendants further argue that Judge Barbadoro's 30-day waiting period before Defendants could renew their motion for summary judgment provided the Plaintiff sufficient time to file a motion to amend.  The pretrial scheduling order makes clear, however, that the intent of the 30-day period was to prevent the Defendants from prematurely moving for summary judgment, not to bind the Plaintiff.

For the reasons set forth above, the Court finds that justice requires that the Plaintiff be granted leave to file the proposed amended complaint.  Accordingly, the motion to amend the complaint (document no. 49) is granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 7, 2005

cc:   Michael J. Sheehan, Esq.
      Nancy J. Smith, Esq.