UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Eric M. LaMarche, Sr.,
      Plaintiff,

      v.                                    Civil No. 04-cv-69-SM
                                            Opinion No. 2005 DNH 154
Paul Bell, Roger Dugre,
Daniel Fedele, Paul Hopwood,
Eric Karavas, and Mark Jordan,
      Defendants

**O R D E R**

Plaintiff, Eric M. LaMarche, Sr., is an inmate at the New Hampshire State Prison ("NHSP"). He brings suit against several corrections officials, claiming they violated his Eighth Amendment rights by using excessive force against him and by failing to protect him from foreseeable attacks committed by other inmates. See generally 42 U.S.C. § 1983. Defendants move for summary judgment, saying LaMarche failed to comply with the administrative exhaustion requirements of the Prison Litigation Reform Act.

**Legal Framework**

42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis supplied). The Supreme Court has held that section 1997(e) requires an inmate to exhaust all available administrative processes before filing a federal suit that relates to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative processes afforded by the State. Booth v. Churner, 532 U.S. 731, 734 (2001) ("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must."). See also Porter v. Nussle, 534 U.S. 516, 532 (2002). Accordingly, before he may pursue his section 1983 claims against these defendants, LaMarche must first exhaust available administrative remedies relating to those claims.

Although LaMarche did bring his complaints to the attention of prison officials, he did not strictly comply with the filing deadlines established by the prison's administrative regulations. Consequently, defendants say he failed to comply with the exhaustion requirements of the PLRA and, because the deadlines for filing an administrative grievance related to the events at issue in this case have passed, defendants assert that LaMarche has forfeited the opportunity to administratively exhaust. Thus, say defendants, not only did LaMarche fail to exhaust, but he is also now precluded from doing so and, therefore, cannot sue on the asserted (but unexhausted) claims.

**Discussion**

LaMarche says he gave prison authorities sufficient notice of his claims and ought to be deemed to have "substantially" complied with the PLRA's exhaustion requirements. In support of his position LaMarche advances four arguments. First, he says he did "exhaust" available administrative remedies by filing all required request slips and grievance forms with the appropriate corrections personnel, albeit after the administrative deadlines had lapsed. Next, he says that while his filings may not have

complied with the newly-adopted deadlines, there is no evidence that he was provided with notice of those new deadlines, implicitly suggesting that the new filing deadlines should not apply to him.

Alternatively, LaMarche says he fully exhausted his administrative remedies, albeit through an atypical route – that is, by filing an administrative claim with the New Hampshire Board of Claims (which was subsequently denied, since LaMarche sought damages ($500,000) beyond the jurisdictional limit of that board). See generally N.H. Rev. Stat. Ann. ch. 541-B.  And, finally, LaMarche argues that he should be excused from strict compliance with the administrative deadlines due to incapacity, pointing to his well-documented mental illness.  Defendants counter that Lamarche's arguments lack merit and do not excuse his failure to comply with the established administrative grievance procedure, including its relatively short time limitations.

That the administrative exhaustion requirement of the PLRA is compulsory is beyond argument.  See Porter, 534 U.S. at 524

("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). The question presented in this case is whether an inmate may comply with that mandatory exhaustion requirement by pursuing available prison administrative remedies beyond the time established by prison administrators. On that issue, there is a decided lack of agreement among the various circuit courts of appeals that have addressed it.

The Third, Seventh, Tenth, and Eleventh Circuits have adopted the most rigid approach, importing the concept of "procedural default" from the habeas context and concluding that an inmate's failure to comply with established deadlines for filing an administrative grievance precludes exhaustion of administrative remedies (seemingly without regard to how short those time periods may be, whether they are "reasonable," or whether they are justified by legitimate penological or even administrative concerns). That failure to exhaust, in turn, bars any subsequent federal suit arising out of the events that should have been the subject of the administrative grievance. See Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002); Ross v.

County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004); Johnson v. Meadows, 418 F.3d 1152, 1157-59 (11th Cir. 2005).

The Court of Appeals for the Second Circuit has embraced a more relaxed standard, concluding that an inmate's failure to exhaust available prison administrative remedies does not bar the inmate's subsequent federal suit when: (1) defendants have waived the affirmative defense of non-exhaustion; (2) defendants have engaged in conduct that effectively estops them from invoking that affirmative defense; or (3) "special circumstances" exist that equitably excuse an inmate's failure to exhaust.  See Giano v. Goord, 380 F.3d 670, 675-76 (2d Cir. 2004) (collecting cases).

Finally, the Courts of Appeals for the Sixth and Ninth Circuits have held that an inmate complies with the PLRA exhaustion requirement so long as he or she actually files an administrative claim with prison officials and pursues all available avenues of appeal, even if the filing was untimely under the prison's administrative procedures.  See Thomas v.

Woolum, 337 F.3d 720 (6th Cir. 2003); Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005).

Although the Court of Appeals for the First Circuit has yet to address the issue, it has, like several other courts of appeals, concluded that an inmate's failure to comply with the PLRA's exhaustion requirement is not a jurisdictional defect. Instead, it is an affirmative defense, which must be raised and proved by the defendants. See Casanova v. Dubois, 304 F.3d 75, 77 n.3 (1st Cir. 2002). It is reasonable to expect, then, that the court, like the Court of Appeals for the Second Circuit, would also conclude that the affirmative defense of non-exhaustion is not available under certain circumstances (e.g., circumstances involving waiver, estoppel, or equitable tolling). See, e.g., Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (cited with approval by Casanova, supra). Whether the court would fully embrace the view adopted by the Sixth and Ninth Circuits on exhaustion and time-barred complaints is, however, unresolved and open to speculation. Time will tell.

In the meantime, this court must resolve the parties' current dispute: whether defendants are entitled to judgment as a matter of law because LaMarche's section 1983 suit is barred due to his failure to timely exhaust available prison administrative remedies. But, regardless of whether this court embraces the view adopted by the Seventh, Second, or Sixth Circuit Court of Appeals on inmate exhaustion of available administrative processes, defendants' motion for summary judgment cannot be resolved simply upon the parties' filings. Accordingly, the Clerk of Court shall confer with counsel and schedule a hearing at which the parties should be prepared to present relevant evidence and discuss:

1. Whether LaMarche sought a waiver of the administrative filing deadlines under the prison's rules and, if not, whether such a waiver might be available to him if he were to seek one (or, viewed slightly differently, whether seeking such a waiver at this point would be futile);

2. If the court were to adopt the procedural default concept embraced by the Seventh Circuit, whether LaMarche can demonstrate cause and prejudice;

3. If the court were to adopt the view embraced by the Second Circuit, whether LaMarche has evidence to support his assertion that principles of equity should permit him to

8

       proceed with this suit (e.g., the nature of LaMarche's asserted mental illness, and the extent to which it might have impaired his ability to comply with the prison's administrative filing deadlines);

4. Whether LaMarche received notice of the recently adopted administrative deadlines and, if not, if that might serve to equitably estop defendants from asserting that his administrative grievances were untimely; and

5. Evidence supportive of any other argument(s) advanced by LaMarche that his failure to comply with the prison's administrative filing deadlines does not preclude him from pursuing this federal litigation (i.e., evidence supportive of his claimed entitlement to equitable estoppel or demonstrating that "special circumstances" exist to excuse his failure to strictly comply with the filing deadlines).

    The Clerk of Court shall confer with counsel for the defendants and counsel for the plaintiff and schedule a hearing on this matter at a mutually convenient date and time.

    **SO ORDERED.**

                                                      _____
                                                      Steven J. McAuliffe
                                                      Chief Judge

November 8, 2005

cc:  Michael J. Sheehan, Esq.
     Nancy J. Smith, Esq.