UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Eric M. LaMarche, Sr.,
       Plaintiff,

       v.                                      Civil No. 04-cv-69-SM

Paul Bell, Roger Dugre,
Daniel Fedele, Paul Hopwood,
Eric Karavas, and Mark Jordan,
       Defendants,

## O R D E R

Plaintiff, Eric M. LaMarche, Sr., moves the court to
reconsider its order granting defendants' motion for summary
judgment on all claims advanced in plaintiff's amended complaint.
Specifically, plaintiff asserts that defendants' sought judgment
as a matter of law only as to counts two and three of his amended
complaint.  Accordingly, he says he did not have an adequate
opportunity to brief why defendants are not entitled to summary
judgment as to count one.  Defendants object.

### Discussion

After defendants filed their motion for summary judgment as
to all claims advanced in plaintiff's complaint (which were
presented in a single count), plaintiff secured legal counsel and
amended his complaint to include an additional claim related to

events that allegedly occurred in May of 2002 (asserted in count one of the amended complaint). The amended complaint also advanced the claims brought in the original complaint related to events that occurred in October of 2003. Those claims became counts two and three of the amended complaint. Because defendants did not amend their motion for summary judgment after plaintiff filed his amended complaint, plaintiff says they necessarily sought summary judgment only as to counts two and three – that is, the claims that were carried over from the original complaint. Thus, says plaintiff, defendants never formally moved for summary judgment as to count one of his amended complaint and he was never afforded an opportunity to demonstrate that he had properly exhausted that claim.

Strictly speaking, plaintiff is probably technically correct. Defendants did not formally move for summary judgment as to count one of the amended complaint (or count two or three for that matter). But, an examination of the record and procedural history of the case reveals that plaintiff's claim that he was denied an opportunity to brief his arguments related to count one is overstated.

While defendants' motion for summary judgment was pending, the court noted that the critical issue in this case (applicable to all three of plaintiff's counts) was whether he had properly exhausted available administrative remedies, as is required by the Prison Litigation Reform Act.  Accordingly, the court scheduled a hearing, at which it instructed counsel to be prepared to discuss several issues related to that dispositive question – that is, "whether defendants are entitled to judgment as a matter of law because LaMarche's section 1983 suit is barred due to his failure to timely exhaust available prison administrative remedies."  Order dated November 8, 2005 (document no. 61) at 8 (emphasis supplied).  That order put plaintiff on notice that the court expected the parties to address whether LaMarche had exhausted any one of the three claims advanced in his amended complaint.

Prior to conducting that hearing, the court stayed all proceedings in this case, pending the Supreme Court's resolution of identical issues in Woodford v. Ngo, 126 S. Ct. 647 (2005) (granting petition for certiorari).  Once the Court's opinion in Woodford issued, the parties were afforded additional time within which to brief their positions on the issue of LaMarche's apparent failure to timely exhaust available administrative

3

remedies.  The record developed certainly appears to contain a complete history of all of LaMarche's attempts to exhaust his claims (i.e., those advanced in counts one, two, and three) and reveals that he failed to do so in a timely manner.  For example, the record contains copies of the inmate request slip and grievances that LaMarche filed in February and March of <u>2005</u>, in a consolidated effort to exhaust available administrative remedies with regard to the events that occurred in May of 2002 (count one) and October of 2003 (counts two and three) – long after the 30 day period provided by the applicable administrative rules.  Accordingly, the court concluded that LaMarche failed to timely exhaust his administrative remedies with regard to <u>any</u> of the claims advanced in his amended complaint and, therefore, granted defendants judgment as a matter of law as to all three claims advanced in plaintiff's amended complaint, as required under the <u>Ngo</u> decision.

In support of his motion for reconsideration, plaintiff does not point to any specific evidence suggesting that he timely exhausted the claim advanced in count one.  Nor has he pointed to any evidence suggesting that he obtained a waiver of the applicable 30-day limitations period.  Instead, he simply says, "[a]s an offer of proof, there is a different record on

4

plaintiff's efforts at exhausting administrative remedies for the May 2002 claims."  Different, perhaps, but there is no suggestion that whatever "difference" is claimed is also pertinent.  Without more, plaintiff's representation provides no support for his motion.  Plaintiff does not, for example, represent that the record will reveal that he actually exhausted available administrative remedies in a timely manner.   Nevertheless, accepting plaintiff's implicit assertion — that he can demonstrate full and timely exhaustion as to count one — as non-frivolous, the court will afford him limited relief.

**Conclusion**

Plaintiff's motion for partial reconsideration (document no. 69) is granted, in part.  On or before **December 8, 2006,** plaintiff shall:  supplement his objection to defendants' motion for summary judgment, producing evidence supporting his claim that he did timely exhaust all available administrative remedies relating to the claim advanced in count one of his amended complaint, or that he was (or should be) excused from fully and properly exhausting that claim in a timely manner.  Defendants shall respond on or before December 29, 2006.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

November 17, 2006

cc:  Michael J. Sheehan, Esq.
     Nancy J. Smith, Esq.