UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Eric M. Lamarche, Sr.,
        Plaintiff

        v.                                Civil No. 04-cv-69-SM
                                          Opinion No. 2008 DNH 121
Paul Bell, Roger Dugre,
Daniel Fedele, Paul Hopwood,
Eric Karavas, and Mark Jordan,
        Defendants

**O R D E R**

        Plaintiff, Eric M. Lamarche, Sr., is an inmate at the New

Hampshire State Prison ("NHSP").  He brought this suit against

several corrections officials, claiming they violated his Eighth

Amendment rights by using excessive force against him and by

failing to protect him from foreseeable attacks committed by

other inmates.  By prior order, the court granted defendants'

motion for summary judgment, concluding that Lamarche failed to

properly exhaust his claims, as is required by the Prisoner

Litigation Reform Act.  Lamarche moved the court to reconsider.

        In support of his motion to reconsider, Lamarche asserted

that, after defendants filed their motion for summary judgment as

to all claims advanced in his complaint (which were presented in

a single count), Lamarche secured legal counsel and amended his

complaint to include an additional claim related to events that allegedly occurred in May of 2002.  That claim, which became count one of the amended complaint, asserted that a corrections officer failed to protect him from a reasonably foreseeable threat.[1]

The amended complaint also advanced the claims brought in the original complaint related to events that occurred in October of 2003.  Those claims became counts two and three of the amended complaint.  But, because defendants did not amend their motion for summary judgment after Lamarche filed his amended complaint, Lamarche plausibly asserted that they necessarily sought summary judgment only as to counts two and three – that is, the claims that were carried over from the original complaint.  Thus, said

---

[1]     At the time, Lamarche was designated as a "PC-single movement" inmate.  That is to say, because there was concern that he was vulnerable to attack by fellow inmates, he was held in "protective custody" and was never transported with or housed with other inmates.  He claims defendants knew that he was a PC-single movement inmate.  Nevertheless, Lamarche says that on May 29, 2002, defendant Jordan transported him from his cell to the "barber room."  Lamarche claims that, contrary to prison policy and with full knowledge that Lamarche should not be left unattended with any other inmates, Jordan left him alone in that room with an inmate named Rivera, while Jordan conducted his rounds in other sections of SHU.  While Jordan was gone, inmate Rivera attacked Lamarche, seriously injuring him.  Lamarche's eye sockets were fractured and his nose was broken.  He required emergency medical treatment and, several months later, reconstructive surgery.

Lamarche, defendants never formally moved for summary judgment as to count one of his amended complaint and he was never afforded an opportunity to demonstrate that he had properly exhausted that claim.

The court afforded Lamarche limited relief, directing him to:

> supplement his objection to defendants' motion for summary judgment, producing evidence supporting his claim that he did timely exhaust all available administrative remedies relating to the claim advanced in count one of his amended complaint, or that he was (or should be) excused from fully and properly exhausting that claim in a timely manner.

Lamarche v. Bell, No. 04-cv-69-M, slip op. at 5 (D.N.H. November 17, 2006).  In response, Lamarche filed a Supplemental Objection to Defendant's Motion for Summary Judgment (document no. 72). Defendant Jordan, in turn, filed a Reply to Plaintiff's Supplemental Objection (document no. 73).

Unfortunately, due to limitations in the court's then relatively new Case Management and Electronic Case Filing (CM/ECF) system, those filings were not flagged as requiring the court's attention.  They did not, for example, appear as "pending

motions."  Consequently, until recently, they remained
unacknowledged and unaddressed.


Now, having reviewed the submissions filed by the parties
and, in particular, the attachments to Lamarche's filing, the
court is persuaded that Lamarche did comply with the then-
applicable inmate grievance process and adequately exhausted the
claim advanced in count one of his amended complaint.  Included
in the attachments submitted by Lamarche are copies of several
inmate request slips and grievance forms, by which he notified
corrections officers (step one of the grievance process), the
warden (step two), and, ultimately, the commissioner (step three)
of his assertion that he was the victim of a violent attack at
the hands of another inmate because a corrections officer failed
to protect him from a foreseeable assault.  See Exhibit 2 (inmate
request slip dated May 30, 2002 – the day after the assault –
clearly laying out Lamarche's claim that he was assaulted as a
result of having improperly been left alone with another
inmate)[2]; Exhibit 7 (grievance to the warden dated June 11, 2002,
and referencing the same assault); and Exhibit 8 (grievance to

---

[2]    Although Lamarche directed this inmate request slip to
the warden, it was answered by Unit Manager Moyer, who said,
"This incident is being investigated.  The warden is aware of
it."  Plainly, then, that request slip put prison officials on
notice of his claim and apparently prompted an investigation.

the commissioner dated June 14, 2002, which, when viewed in light

of Lamarche's earlier request slip and grievance, plainly alerted

the commissioner to the fact that Lamarche was appealing the lack

of any action on his initial assault complaint).  See also

Exhibit 6 (a separate grievance to the commissioner in which

Lamarche explained that he was a PC status, single movement

inmate when a corrections officer left him alone in a room with

the inmate who attacked him).  Lamarche also referenced that

claim in the context of appealing disciplinary charges that were

leveled against him in the wake of the assault.


   While Lamarche's request slips and grievances could have

articulated the nature of his claim with more precision, they

fairly put defendants on notice of his claim that he had been

injured as a result of a corrections officer's negligent (or,

possibly, intentional) failure to protect him from a reasonably

foreseeable threat of harm.  Accordingly, they complied with the

procedural requirements imposed by the prison's then-applicable

three-step grievance process and the PLRA's exhaustion

requirement.  See generally Jones v. Bock, 549 U.S. 199 (2007)

(holding that the PLRA does not require an inmate to specifically

identify all potential defendants in his or her prison grievance;

instead, the prison's guidelines define "the boundaries of proper

exhaustion"); Johnson v. Testman, 380 F.3d 691, 697 (2d Cir.
2004) ("In order to exhaust, therefore, inmates must provide
enough information about the conduct of which they complain to
allow prison officials to take appropriate responsive
measures."); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)
("[A] grievance suffices if it alerts the prison to the nature of
the wrong for which redress is sought.  As in a notice-pleading
system, the grievant need not lay out the facts, articulate legal
theories, or demand particular relief.  All the grievance need do
is object intelligibly to some asserted shortcoming.").

Moreover, because Warden Coplan's response to Lamarche's
grievance to her (Exhibit 7) informed Lamarche that "you need to
follow the appeal process if you were disciplined," it was not
unreasonable for Lamarche to believe that it was appropriate to
raise his claim in the context of the appeal of the disciplinary
charges that were filed against him.  See, e.g., Giano v. Goord,
380 F.3d 670 (2d Cir. 2004) (holding that, under certain
circumstances, an inmate's appeal of disciplinary proceedings
arising out of the events of which he complains may be sufficient
to meet the PLRA's exhaustion requirements); Beltran v. O'Mara,
405 F. Supp. 2d 140 (D.N.H. 2005) (same).

## Conclusion

The record discloses that Lamarche brought his claim to the attention of prison officials at each of the three levels required by the then-applicable administrative grievance procedures.  He has, then, shown that he complied with the exhaustion requirements of the PLRA.  And, if more were required, Lamarche has also shown that he brought that claim to the attention of prison officials in the context of appealing the disciplinary charges that were filed against him.

For the foregoing reasons, as well as those set forth in plaintiff's supplemental objection (document no. 72), the court vacates, in part, its order granting defendants' motion for summary judgment as to all counts in plaintiff's complaint.  As to counts two and three of the amended complaint, defendants are, for the reasons previously discussed, entitled to judgment as a matter of law.  As to count one of the amended complaint, however, plaintiff has adequately demonstrated that he exhausted then-applicable prison administrative remedies, as required by the PLRA.  Count one of the amended complaint is, therefore, reinstated and the Clerk of Court shall reopen this case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

June 25, 2008

cc:  Michael J. Sheehan, Esq.
     Nancy J. Smith, Esq.